## MAX RODBURG

*v.*

## MORRIS LAMACHINSKY.

[Decided October 1st, 1908.]

1. Where it appeared that the complainant and defendant were partners in the business of selling coal in the city of Newark, and upon the dissolution of the copartnership the defendant executed a receipt and release to the complainant inserting therein this covenant: "I further

bind myself not to open or go in the coal business in the city of Newark, either in my own name, or in anybody else's name, where I shall be connected or benefited, by and for a term of five years from date"—*Held,* that such covenant restricts the defendant from being connected with any coal business in Newark, from which he may derive any benefit, whether such business shall be conducted in his name, or in the name of anybody else, for the term of five years.

2. It appearing that shortly after the execution of this covenant the defendant entered the employ of one P., and at once began to sell coal for his employer, in paper bags, to retail grocers, being benefited by the receipt of thirty-five cents per ton for every ton of coal he might sell —*Held,* that the defendant had thereby violated such covenant, and that an injunction should be issued against him.

On final hearing on pleadings and proofs.

*Mr. Frank W. Long,* for the complainant.

*Mr. Philip J. Scholland,* for the defendant.

HOWELL, V. C.

In this case the injunction prayed for in the bill should issue.

The complainant and defendant were partners in the business of selling coal. The complainant had formerly carried on the same business alone. When the defendant came into the business as a partner he undertook to manage that part of the business, which consisted of selling coal in small quantities in paper bags to retail grocers. The defendant was engaged in this branch of the business for several months and had an opportunity to become acquainted with the customers of the complainant, who formerly had patronized this branch of the business.

The parties did not agree, and in August, 1908, it was orally agreed between them that the partnership should be dissolved; that the complainant should repay to the defendant a sum about equivalent to the amount which he had contributed to the business, but that inasmuch as he could not pay this amount at once the defendant should continue to sell coal in paper bags to grocers until the complainant could raise the necessary funds. The complainant was ready to close the bargain on September 14th, 1908, on which day the complainant paid to the defendant

a sum of money, less than had been agreed on, and defendant executed a receipt and a release to the complainant in which he inserted this covenant: "I further bind myself not to open or go in the coal business in the city of Newark, either in my own name, or in anybody else's name, where I shall be connected or benefited, by and for a term of five years from date."

Shortly after the execution of this covenant the defendant entered the employ of one Patoker, and at once began to sell coal for his employer, in paper bags, to retail grocers, or, in other words, to carry on the same occupation which he had car-ried on while he was a partner with complainant.

The covenant as I read it restricts the defendant from being connected with any coal business in Newark from which he may receive any benefit, whether such business shall be conducted in his name or in the name of anyone else, for the term of five years. This being the construction of the covenant, it is quite plain that the defendant has violated it. He is engaged in a coal business which is being carried on in the name of Patoker, from which he, the defendant, is being benefited by the receipt of thirty-five cents per ton for every ton of coal which he may sell.

I will advise a decree in accordance with these views.